P5GDSchA

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

         v.                           25 Cr. 00204 (VEC)

JOSHUA SCHUSTER,
                                      Arraignment
              Defendant.
------------------------------x
                                      New York, N.Y.
                                      May 16, 2025
                                      4:00 p.m.

Before:

                HON. VALERIE E. CAPRONI,

                                      U.S. District Judge

                    APPEARANCES

JAY CLAYTON
     United States Attorney for the
     Southern District of New York
DANIEL NESSIM
     Assistant United States Attorney

GENNY NGAI
ERIC CREIZMAN
     Attorneys for Defendant


Also Present:

Francesca Tessier, Pretrial Officer
Babtunde Adediran, FBI
Justin Boo, FBI
```

1              (Case called)
2              THE DEPUTY CLERK:  Counsel, please state your
3    appearance for the record.
4              MR. NESSIM:  Good afternoon, your Honor.  Daniel
5    Nessim, for the government.  Joining me at counsel table are
6    FBI agents Babtunde Adediran and Justin Boo.  Also at counsel
7    table is pretrial services officer Francesca Tessier.
8              THE COURT:  Good afternoon, everybody.
9              MS. NGAI:  Good afternoon, your Honor.  Jenny Ngai and
10   Eric Creizman for our client, Joshua Schuster.
11             THE COURT:  Your last name is pronounced just Ngai?
12             MS. NGAI:  Just Ngai.
13             THE COURT:  Just Ngai.  Good afternoon, Ms. Ngai,
14   Mr. Creizman, and Mr. Schuster.
15             Please be seated.
16             You're Mr. Schuster.  Sorry.  Good, because I thought
17   you might look a little old, based on what I thought the age of
18   the defendant was.
19             Okay.  So let me start with, did the magistrate judge,
20   Mr. Nessim, give you 5(f) warnings?
21             MR. NESSIM:  No, your Honor.
22             THE COURT:  So, Mr. Schuster, Congress, in its
23   infinite wisdom, has decreed that the first time a judge sees a
24   defendant, they need to remind the government of its
25   obligations under the Constitution.  So, since this is the

1  first time I've seen you, we need to take care of that, and
2  then deal with arraignment.
3           I direct the prosecution to comply with its obligation
4  under *Brady v. Maryland* and its progeny to disclose to the
5  defense all information, whether admissible or not, that is
6  favorable to the defendant, material either to guilt or to
7  punishment, and known to the prosecution.  Possible
8  consequences for noncompliance may include dismissal of
9  individual charges or the entire case, exclusion of evidence,
10 and professional discipline or court sanctions on the attorneys
11 responsible.
12          I will be entering a written order more fully
13 describing this obligation and the possible consequences of
14 failing to meet it, and I direct the prosecution to review and
15 to comply with that order.
16          Mr. Nessim, do you confirm that you understand your
17 obligations and will fulfill them?
18          MR. NESSIM:  Yes, your Honor.
19          THE COURT:  Okay.  Was the defendant arraigned before
20 the magistrate judge?
21          MR. NESSIM:  No, just presented.
22          THE COURT:  All right.  Mr. Schuster, you've been
23 indicted in this district.  Have you seen the indictment?  It's
24 number 25 CR 204.
25          THE DEFENDANT:  Yes, your Honor.

1            THE COURT:  Have you read it?
2            THE DEFENDANT:  Yes, your Honor.
3            THE COURT:  Have you discussed it with your attorney?
4            THE DEFENDANT:  Yes, your Honor.
5            THE COURT:  You're charged with two crimes.  You're
6    charged with wire fraud and securities fraud.
7            How do you plead -- do you want me to read it out
8    loud, or do you waive the public reading?
9            MS. NGAI:  Your Honor, we waive the public reading,
10   and my client enters a plea of not guilty.
11           THE COURT:  Terrific.
12           Mr. Nessim, what is the discovery in this case going
13   to look like?
14           MR. NESSIM:  Your Honor, so the discovery is pretty
15   voluminous.  It consists of records produced pursuant to
16   subpoena, voluntary productions, and access requests.
17           THE COURT:  I assume a lot of bank records?
18           MR. NESSIM:  There are a lot of bank and similar
19   financial records.
20           THE COURT:  Okay.
21           MR. NESSIM:  Also, we obtained a warrant to search the
22   defendant's iCloud, so we have some extractions of electronic
23   devices.
24           THE COURT:  Okay.  So, what's the volume?
25           MR. NESSIM:  So I think it's approximate -- it's in

1  excess of four terabytes of data, but a lot of that is the
2  iCloud's --
3              THE COURT:  Okay.
4              MR. NESSIM:  So, there's the full pull, which is very
5  large, and then the smaller and sort of responsive set.
6              THE COURT:  You've done that?  You've separated the
7  wheat from the chaff at this point?
8              MR. NESSIM:  Yes.
9              THE COURT:  Okay.  So, if you look at that, what are
10 we talking about?
11             MR. NESSIM:  So, I don't have a subset of that
12 specifically.  I think all together, in terms of business
13 records, produced materials, the responsive materials, I think
14 we're talking about probably a terabyte of data.
15             THE COURT:  Okay.  Does the government anticipate
16 using an expert in this case?
17             MR. NESSIM:  Not at this time, your Honor.
18             THE COURT:  When do you anticipate being prepared to
19 make production to the defendant?
20             MR. NESSIM:  So we've sent a proposed protective order
21 to defense counsel.  I think once that's entered, we can start
22 production quickly.  We expect to be able to complete
23 production within approximately a month.
24             THE COURT:  A month?  Really?  It's going to take that
25 long?

1          MR. NESSIM:  It could be shorter.  It's just it will
2  require hard drives to be produced.  There's a vendor involved.
3  Some of it's hosted on Relativity.
4          THE COURT:  Okay.
5          MR. NESSIM:  It could be shorter, your Honor, but with
6  the protective order and everything else, I'd say a month, just
7  to be safe.
8          THE COURT:  Okay.  So what I am inclined to do, I can
9  either set a trial date and schedule today, but I'm not sure
10 that makes a lot of sense -- what I would propose is adjourn
11 this over for 90 days.  That will give the government time to
12 make production, you time to at least start your review of it,
13 get a much better sense of whether there are going to be
14 pretrial motions or not, whether we're going to trial or not,
15 and then we will set a trial schedule.
16         Does that make sense to you, Ms. Ngai?
17         MS. NGAI:  Yes, your Honor.
18         THE COURT:  Let's get a date in 90 days, which would
19 be August 21, or thereabouts, at 2:30.
20         Mr. Nessim, as of right now, what do you think in
21 terms of how long this trial is going to be?
22         MR. NESSIM:  I think it's probably a two-week trial,
23 but it probably doesn't go to the end of the second week.
24         THE COURT:  Okay.  So, two full weeks, even on my
25 schedule?

|   |   |
|---|---|
| 1 | MR. NESSIM:  It's probably a week and change. |
| 2 | THE COURT:  All right.  So we'll budget for two weeks. |
| 3 | Just so everybody knows, my preliminary view is that I would like a trial in this case in the March/April timeframe of next year, so kind of keep that in mind.  Based on just the volume of discovery, I find that this case is a complex case.  It's going to take the defense a while to get through all the discovery, and, therefore, giving the defense time to do that outweighs the defense's interest in a speedy trial and the public's interest in a speedy trial. |
| 11 | So I will exclude time between now and August 21. |
| 12 | Any objection to that, Ms. Ngai? |
| 13 | MS. NGAI:  No, your Honor.  Our client consents. |
| 14 | THE COURT:  I'm sorry? |
| 15 | MS. NGAI:  Our client consents to exclusion of time. |
| 16 | THE COURT:  Anything further from the government, Mr. Nessim? |
| 18 | MR. NESSIM:  No.  Thank you, your Honor. |
| 19 | THE COURT:  Anything further from the defense, Ms. Ngai? |
| 21 | MS. NGAI:  No, your Honor. |
| 22 | THE COURT:  Bail has been set, right?  I don't have to do anything with that, right? |
| 24 | MR. NESSIM:  Yes, your Honor. |
| 25 | MS. NGAI:  Bail was set.  Thank you, your Honor. |

1    THE COURT:  All right.  Mr. Schuster, stay in touch
2 with your lawyer.  You have to show up when you're required to
3 show up.  Otherwise, it's bail jumping.  You don't want that.
4    THE DEFENDANT:  Yes, your Honor.
5    THE COURT:  Thank you all.  Have a nice weekend.
6    (Adjourned)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25